Case 1:04-cv-01096-JEC-WPL    Document 20    Filed 07/12/06    Page 1 of 6
**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 2 2006

MATTHEW J. DYKMAN
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.

FERNANDO MUJICA-LEON,

    Movant/Defendant.

CV 04-1096 JC/WPL
CR 01-0111 JC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration with Explanation and Exhibits in Support. (Doc. 824.) For the reasons that follow, the Court will grant the Motion for Reconsideration, withdraw the order and judgment entered on May 24, 2006 (Docs. 822, 823), and substitute this order and accompanying judgment therefor. However, after conducting a *de novo* review and considering Petitioner's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), the Court will deny Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]

### PROCEDURAL BACKGROUND

On May 4, 2006, Magistrate Judge Lynch filed his PFRD, recommending that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

---

[1] As the magistrate noted, no evidentiary hearing is necessary because the files and records of the case conclusively show that Petitioner is entitled to no relief. *See* 28 U.S.C. § 2255.



Custody be denied. (Doc. 818.) On May 22, 2006, Petitioner filed objections to the PFRD.[2] On May 24, 2006, this Court entered an order and judgment adopting the PFRD and dismissing the civil case. (Docs. 822, 823.) The order stated that no objections to the PFRD had been filed. (Doc. 822.)

On June 9, 2006, Petitioner filed his Motion for Reconsideration. Petitioner pointed out that he filed objections to the PFRD and attempted to show that the objections were timely. (Doc. 824.) On June 12, 2006, the USA filed a response to Petitioner's motion. The USA argues that the motion should be denied because the substantive analysis in the PFRD was correct and because Petitioner did not conclusively establish that his objections were timely. (Doc. 825.) But the USA also states, "In an abundance of caution and to preserve the record for possible appellate review, the Court may wish to include in its Order denying the Motion for Reconsideration a recitation of the Court's *de novo* determinations . . . on the Magistrate Judge's proposed findings and recommendations and reaffirm the dismissal with prejudice of the § 2255 motion on its merits." *Id.* at 1.

## REVIEW OF MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not recognize a "Motion for Reconsideration." *Price v. Philpot*, 420 F.2d 1158, 1167 n.9 (10th Cir. 2005). The Court construes Petitioner's motion as a motion for relief from a judgment or order under Rule 60(b)(6). *See Summers v. Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991) (treating motion challenging trial court's failure to review objections to magistrate's report as a 60(b) motion); *Buggage v. Sheehan Pipeline Constr. Co.*, 109 F. App'x 185, 186 (10th Cir. 2004) (unpublished) (same), *cert. denied*, 543 U.S. 1060 (2005); *see also Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (pro se litigant's

---

[2] The objections were file-stamped on May 22, 2006, which is the date the civil docket reflects that they were filed. (Doc. 15 (CV 04-1096 JC/WPL).) The criminal docket reflects that they were filed on May 23, 2006. (Doc. 821.)

characterization of claim for relief not dispositive).[3]

Pursuant to Rule 60(b)(6), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." The rule is a "grand reservoir of equitable power to do justice in a particular case." *McGraw v. Barnhart*, ___ F.3d ___, ___, 2006 WL 1619533, at *9 (10th Cir. June 13, 2006) (citations and internal quotation marks omitted). Although relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances, the rule should be liberally construed when substantial justice will be served. *Id.*

Petitioner was required to file objections within ten days of service of the PFRD. *See* 28 U.S.C. § 636(b)(1); Rule 8(b), Rules Governing Section 2255 Proceedings. He asserts that he received the PFRD on May 8, 2006 and that he timely filed his objections on May 11, 2006 by depositing them in the institutional mail room pursuant to the "prison mailbox rule." *See Price*, 420 F.3d at 1164 n.4. It is unnecessary to consider these assertions. Counting from the day after the filing of the PFRD, excluding intervening weekends, and allowing a three-day extension for service by mail, it is apparent that the objections were timely filed on May 22, 2006--the date they were file-stamped. *See* FED. R. CIV. P. 6(a), (e); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996). Even if the objections were not timely, the Court would exercise its discretion to consider them. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Summers*, 927 F.2d at 1167-68. But for the closeness in time of filing the objections and filing the order and judgment, the Court would have considered the objections before the order and judgment were entered. For these reasons, substantial

---

[3] The motion cannot be characterized as a motion to alter or amend the judgment under Rule 59(e) because it was filed eleven days after the judgment was entered. Even if the motion were timely under Rule 59(e) and could properly be characterized as a motion under that rule, the substantive result would be the same, *i.e.*, the objections to the PFRD would be overruled and the § 2255 motion would be denied.

justice will be served by granting Petitioner relief from the order and judgment and considering the objections on their merits.

## REVIEW OF OBJECTIONS

In his § 2255 motion, Petitioner argued that he was induced to plead guilty because he was led to believe that his sentence would be only 46 months under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Petitioner was not eligible for the safety valve because of his criminal history. The magistrate judge stated that counsel was not deficient for failing to conduct an independent investigation to determine Petitioner's criminal history because Petitioner should have been aware of his own criminal history. In his objections, Petitioner claims that he informed counsel of his criminal history, but counsel assured him that it would not be used against him because it did not include any felonies or any federal offenses.

At the sentencing hearing, defense counsel gave an extensive account of his representation of Petitioner. In giving this account, counsel stated that the presentence report included "the most horrific criminal history, just very, very, very far from what I was led to believe that we might expect after discussing the matter with my client." (Tr. 10/15/03 at 3.) Although Petitioner interrupted counsel's account several times, he never asserted that he fully informed counsel about his criminal history or that counsel misinformed him about the use of his criminal history. Nor did Petitioner make these assertions in his § 2255 motion. Petitioner also inconsistently claims in his objections that he told counsel he did not know the "magnitude" of his criminal history because he suffered from mental lapses and confusion as a result of substance abuse. (Doc. 821 at 2.)

Nevertheless, the Court will assume for purposes of argument that Petitioner's assertions are true. Petitioner cannot demonstrate that he was prejudiced by counsel's erroneous advice because

the Court informed him at the plea hearing that counsel's sentence estimate was not binding and that he would not be allowed to withdraw his plea if he was sentenced to a longer term than counsel estimated. (Tr. 7/23/03 at 5.) As detailed by the magistrate judge (Doc. 818 at 2-3), the stipulations in the plea agreement also precluded Petitioner's reliance on counsel's belief about what the sentence would be. *See United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993).

Next, Petitioner seems to assert that his plea was involuntary. He argues that he did not understand the plea agreement because he does not understand English, is illiterate and handicapped, suffers from substance abuse, and was threatened by the FBI. Petitioner also argues that his counsel was ineffective because he did not prepare for trial, did not adequately advance his motion to withdraw the plea, and did not investigate possible defenses or Petitioner's innocence. All of these arguments are waived because they were raised for the first time in the objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

In his § 2255 motion, Petitioner asserted that his attorney was deficient in his ability to cross-examine an expert regarding the weight, purity, and analysis of the cocaine, thus violating his right of confrontation. The magistrate judge noted that this allegation of ineffectiveness was conclusory and speculative because Petitioner did not allege that the expert's analysis was inaccurate.

From reading his objections, it appears that Petitioner is trying to argue that counsel should have challenged the amount of cocaine attributed to him in the presentence report. He claims that the presentence report contained errors regarding his participation in the crime. Petitioner's argument remains speculative, however, because he offers nothing to suggest that the amount of cocaine was erroneous, nor has he pointed to any specific errors in the presentence report. Furthermore, the USA stipulated that Petitioner was a minor participant. (Doc. 661 at 3.)

Finally, Petitioner argues that his prison has not provided him with adequate assistance in preparing his § 2255 motion. *See Lewis v. Casey*, 518 U.S. 343 (1996). This argument is waived because it was raised for the first time in the objections. *See Marshall*, 75 F.3d at 1426. Moreover, this claim cannot properly be raised in a § 2255 proceeding. *United States v. Brittain*, 41 F. App'x 246, 249 n.2 (10th Cir. 2002) (unpublished).

## CONCLUSION

IT IS THEREFORE ORDERED that:

1) the Motion for Reconsideration with Explanation and Exhibits in Support (Doc. 824) is granted;

2) the order and judgment entered on May 24, 2006 (Docs. 822, 823) are withdrawn, and this order and accompanying judgment are substituted therefor;

3) the objections (Doc. 821) to the Magistrate Judge's Proposed Findings and Recommended Disposition are overruled;

4) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 818) are adopted by the Court;

5) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 726) is denied; and

6) CV 04-1096 JC/WPL is dismissed with prejudice.

JOHN CONWAY
SENIOR UNITED STATES DISTRICT JUDGE